UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDY GOMEZ,<br><br>                          Movant,<br><br>        -against-<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | **ORDER**<br><br>20 Civ. 809 (PGG)<br><br>15 Cr. 348-2 (PGG) |

PAUL G. GARDEPHE, United States District Judge:

        Sandy Gomez, currently incarcerated at the Federal Correctional Institution in Berlin, New Hampshire,[1] brings this pro se motion under 28 U.S.C. § 2255 challenging the legality of his conviction and sentence in United States v. Gomez, 15 Cr. 348-02 (S.D.N.Y. June 16, 2017). (Pet. (Dkt. No. 1))  For the reasons stated below, the motion will be denied as time-barred.

## BACKGROUND

        In a judgment entered on June 19, 2017, this Court sentenced Gomez to 164 months' imprisonment and five years' supervised release. (15 Cr. 348, Dkt. No. 174). Gomez was convicted, after a jury trial, of conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. See id. On October 1, 2018, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction. United States v. Gomez, 751 F. App'x 63 (2d Cir. 2018) (summary order). Gomez did not petition for a writ of certiorari in the United States Supreme Court.

---

[1] At the time the Petition was filed, Gomez was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. (Pet. (Dkt. No. 1))

On November 10, 2019, Gomez requested an extension of time "in to January [2020] to file a petition under § 2255." (15 Cr. 348, Dkt. No. 218). In a December 23, 2019 order, this Court stated that it "cannot make a finding concerning timeliness and procedural default on the basis of Gomez's November 10, 2019 letter," and directed Gomez to "file his petition as soon as possible." (15 Cr. 348, Dkt. No. 217 at 1) Gomez filed his petition on January 17, 2020. (Pet. (Dkt. No. 1)) The Petition does not address the timeliness issue.

On April 3, 2020, this Court issued an order directing Gomez

> to show cause within 60 days why his Section 2255 motion should not be denied as time-barred. In that submission, Gomez should set forth facts demonstrating that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his Section 2255 motion. . . . For Movant's convenience, a declaration form is attached to this order. If Movant files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If Movant fails to comply with this order, the motion will be denied as time-barred. No answer will be required at this time.

(Apr. 3, 2020 Order (Dkt. No. 3) at 3) Gomez has not filed a declaration or otherwise responded to the April 3, 2020 Order.

## DISCUSSION

A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the inmate's judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).

Under Section 2255(f)(1), Gomez had one year from the date that his judgment of conviction became final to file a timely Section 2255 motion. After a circuit court's judgment, a

2

conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). The 90-day period to seek certiorari runs from the entry date of a circuit court's judgment. See S. Ct. R. 13(1).

Here, the Second Circuit's judgment was entered on October 1, 2018. The last day of the 90-day period for Gomez to seek a writ of certiorari in the Supreme Court is Sunday, December 30, 2018. By rule, that period is extended to Monday, December 31, 2018. See S. Ct. R. 30(1). Accordingly, Gomez had one year from December 31, 2018 – until January 2, 2020 – to file a timely Section 2255 motion in this Court.[2] See 28 U.S.C. § 2255(f)(1). Gomez asserts that he placed his Section 2255 petition into his prison's mail system for delivery to this Court on January 17, 2020. (15 Cr. 348, Dkt. No. 221). Accepting that representation, any Section 2255 petition from Gomez is untimely. (Id. at 12)

Because Gomez did not comply with this Court's April 3, 2020 Order, there is no basis for this Court to find that Gomez has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting his Section 2255 motion. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

Accordingly, the Petition will be denied as time-barred.

---

[2] Because this District was closed on December 31, 2019 (New Year's Eve), and because January 1, 2020 (New Year's Day) was a federal holiday, the limitations period for any Section 2255 petition from Gomez expired on January 2, 2020, the next business day. See Fed. R. Civ. P. 6(a)(1)(C), (3)(A), (6)(A) (computing time in the context of federal holidays and when the Clerk's Office is inaccessible); see also Rule 12 of the Rules Governing § 2255 Proceedings (the Federal Rules of Civil Procedure may be applied to Section 2255 proceedings).

## **CONCLUSION**

For the reasons stated above, the Petition is denied as time-barred. The Clerk of Court is directed to close this case (20 Civ. 809).

Because Gomez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Copies mailed by Chambers.

Dated: New York, New York
      August 24, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)
_____
Paul G. Gardephe
United States District Judge